# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06CV135 CDP |
| | ) | |
| MIKE WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Mike Williams's motion to reconsider this Court's orders granting plaintiff George Brown leave to commence this action in forma pauperis (IFP). Brown, a prisoner, has filed frivolous lawsuits while incarcerated and has, therefore, incurred "strikes" under 28 U.S.C. § 1915(g). Williams argues that Brown has incurred more than three strikes and, as a result, the Court should revoke Brown's IFP status and order him to pay the statutory filing fee. After reviewing its files, the Court finds that Brown has incurred two strikes under § 1915(g), and the Court will deny Williams's motion.

Twenty-eight U.S.C. § 1915(g) is known as the Prisoner Litigation Reform Act's "three-strikes" provision. Under § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

> facility, brought an action or appeal in a court of the United States that was dismissed *on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Williams argues that Brown has incurred strikes in four instances: the pre-service dismissal of Brown v. Schneider, 4:00CV1821 LOD (E.D. Mo. 2001), pursuant to 28 U.S.C. § 1915(e)(2)(B); the pre-service dismissal of Brown v. Copeland, 1:02CV41 LMB (E.D. Mo. 2002), pursuant to 28 U.S.C. § 1915(e)(2)(B); the dismissal of Brown's appeal in Brown v. Copeland, Slip Op. 02-2899 (8th Cir. 2002), for failure to prosecute; and the dismissal of Brown v. Williams, 1:06CV58 RWS (E.D. Mo. 2006), for failure to pay the initial filing fee as ordered by the Court.

Williams is correct that the dismissals in Brown v. Schneider, 4:00CV1821 LOD (E.D. Mo. 2001), and Brown v. Copeland, 1:02CV41 LMB (E.D. Mo. 2002), are strikes for the purposes of § 1915(g). However, the dismissals in Brown v. Copeland, Slip Op. 02-2899 (8th Cir. 2002), and Brown v. Williams, 1:06CV58 RWS (E.D. Mo. 2006), are not strikes under § 1915(g) because those cases were not dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted . . ." 28 U.S.C. § 1915(g). The

latter dismissals were for failure to prosecute and for failure to follow the Court's orders, respectively. Such dismissals do not fall under the language in § 1915(g) and, therefore, do not count as strikes under the PLRA. As a consequence, the Court shall deny Williams's motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Williams's motion for reconsideration [#24] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2007.